NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PELISI FOKETI FONUA, | No. 23-1433 |
| Petitioner, | Agency No. A091-854-049 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 4, 2025
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Pelisi Foketi Fonua, a native and citizen of Tonga, petitions for review of a

Board of Immigration Appeals decision denying his motion to reopen. Fonua

moved to reopen removal proceedings to allow him to seek reconsideration of his

eligibility for deferral of removal under the Convention Against Torture (CAT).

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"The [Board] can deny a motion to reopen on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). We review the Board's denial of a motion to reopen for abuse of discretion and its factual determinations for substantial evidence. *Kaur v. Garland*, 2 F.4th 823, 829 (9th Cir. 2021).

In support of his motion to reopen, Fonua submitted a personal declaration that articulated three reasons for his fear of returning to Tonga. He stated that (1) he feared that the family of his second ex-wife, whom he had tried to murder, would harm him upon his return; (2) he feared he would not receive adequate medical treatment for his thyroid cancer in Tonga; and (3) he worried that medical and living conditions in Tonga had deteriorated due to a natural disaster that occurred in January 2022.

The Board concluded that the first two bases for Fonua's fear of returning to Tonga were duplicative of the evidence he offered at his initial hearing for CAT deferral. Substantial evidence supports the Board's conclusion. Before the immigration judge, Fonua testified that he was told that his ex-wife's family was

"waiting for [him]" and that he feared that they were "going to kill [him]." Fonua also provided the immigration judge with supplemental documents describing his fear that he "would have a hard time getting treatment" for his thyroid cancer in Tonga. Fonua's personal declaration attached to his motion to reopen simply reiterated that evidence. Because the evidence was not "qualitatively different" from that already presented, the Board did not abuse its discretion in declining to reopen proceedings on account of that evidence. *See Najmabadi*, 597 F.3d at 987–91.

The Board also did not abuse its discretion by declining to reopen proceedings on account of the evidence of the natural disaster in Tonga. Because the natural disaster occurred between the immigration judge's decision denying CAT deferral and the filing of Fonua's motion to reopen, the evidence was "previously unavailable." *See Najmabadi*, 597 F.3d at 986. But it was not "material." *See id.* As the Board correctly observed, Fonua did not explain how a countrywide natural disaster would entitle him to deferral of removal under CAT. The natural disaster has no apparent relationship to a risk of torture, much less to a risk of torture at the hands of the Tongan government, and Fonua has not argued otherwise. Therefore, the Board did not abuse its discretion by determining that the evidence of the natural disaster did not support reopening. *See Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir. 2008).

Fonua advances two other arguments in support of reopening, neither of which has merit. Fonua argues that the Board erred by ignoring his personal declaration and by requiring him to submit additional evidence. We disagree. The Board "need not engage in a lengthy discussion of every contention raised by a petitioner." *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022). Rather, it need only "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quoting *Najmabadi*, 597 F.3d at 990). The Board did so here. It adequately considered Fonua's declaration but concluded that the declaration failed to introduce previously unavailable, material evidence. The Board then merely noted that Fonua had not submitted any other evidence as grounds for reopening.

**PETITION DENIED.**